# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 3696 | **DATE** | 3/26/2013 |
| **CASE TITLE** | Chicago Regional Council of Carpenters Pension Fund, et al. vs. Platinum Endeavors, LLC | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiffs' motion for summary judgment [31] is granted in part and denied in part and Defendant's motion for summary judgment on the issue of liquidated damages [38] is denied. This case is set for further status hearing on 4/16/2012 at 9:00 a.m.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

**I. Background**

Plaintiffs Chicago Regional Council of Carpenters Pension Fund, et al. claim that Defendant Platinum Endeavors, LLC owes $80,010.76 in contributions for hours worked by its employees performing bargaining unit work as set forth in the Collective Bargaining Agreements between the parties and by ERISA's mandatory add-ons. Plaintiffs have now moved for summary judgment [31] to collect the delinquent payments, liquidated damages (at a rate of 1.5 percent per month), plus interest and attorney's fees. Before attorneys' fees, Plaintiffs are seeking $92,719.81. (Defendant opposes Plaintiffs' claim for liquidated damages and styles its opposition as a motion for summary judgment [38].) Plaintiffs have also moved for summary judgment on Defendant's counterclaim that the Defendant overpaid for two carpenters by approximately $2,000 and that Plaintiffs kept the overpayment and were not entitled to it.

**II. Legal Standard**

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To avoid summary judgment, the opposing party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is proper against "a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at

| STATEMENT |
|---|

trial." *Id.* at 322. The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the [opposing] position will be insufficient; there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

### III. Analysis

Defendant admits that it is delinquent on payments, but it insists that it owes only $72,442.08 for the relevant period. Defendant bases that number on the say-so of the president of the company, Gina Lowdermilk, plus some e-mails suggesting that Defendant may have made a payment in November 2011. Defendant also denies that it owes liquidated damages. Finally, Defendant denies that Plaintiff is entitled to summary judgment on Defendant's counterclaim for a refund for overpayment for two employees. Defendant's only support for its counterclaim is Lowdermilk's declaration, ¶9, which asserts an overpayment without refund. In sum, the parties are approximately $8,000 apart, setting aside the questions of interest, liquidated damages, and attorneys' fees.

The Court will consider Defendants' counterclaim first. According to Defendant, it mistakenly sent a check to Plaintiff for $4,856.88 to cover hours worked by two employees for whom contributions actually were owed only in the amount of $2,369.28, resulting in an "overpayment" of almost $2,500.00. In its counterclaim, Defendant seeks a refund of that sum so that Defendant may forward the payment to a different trust fund. The problem with Defendant's argument is that both at the time that the payment was made and today Defendant indisputably owed (and owes) Plaintiff sums of money well in excess of any mistaken overpayment for the two individual employees referenced in the counterclaim. Given that circumstance, as well as the absence of any evidence that the check was made payable to another party or that Plaintiff somehow knew that the check made payable to it was mistakenly tendered, the Court cannot discern – nor has Defendant cited – any legal basis for ordering a refund of the alleged overpayment. Accordingly, Plaintiffs are entitled to summary judgment on Defendant's counterclaim.

Next, the question of liquidated damages is easily resolved. This case is governed by ERISA Section 502, 29 U.S.C. § 1132, and thus it is plain that Defendant, if liable, will have to pay liquidated damages in the contractually agreed amount of 1.5 percent for the contributions that were unpaid at the time of the suit and on all contributions that became delinquent while the suit was pending. See 29 U.S.C. § 1132g(2)(C); see also *e.g., Central States Pension Fund v. Allied Systems*, 795 F. Supp. 2d 740, 743 (N.D. Ill. 2011). The *only* case that Defendant cites to oppose this conclusion is not to the contrary. See *Chicago District Council of Carpenters Pension Fund v. Industrial Erectors, Inc.*, 840 F. Supp. 1248, 1256, 1258 (N.D. Ill. 1993) ("Defendant must pay interest and liquidated damages on all delinquent contributions unpaid at the time suit was initiated and on all contributions which became delinquent during the pendency of the suit."). Defendant's motion for summary judgment on the issue of liquidated damages [38] is therefore denied.

The holdup in this case is the amount of delinquent payments, the base number. As mentioned, Plaintiffs say that Defendant owes $80,010.76 but Defendant admits to only $72,442.08. Unfortunately, the Court has been unable to arrive at Plaintiffs' or Defendant's numbers based on the parties' submissions. Plaintiffs claim to reach their number based on Defendant's contribution reports, but the Court has not been able to reach Plaintiffs' number based on those hand-written reports, and Plaintiff has not shown in detail how the Court could do so. Defendant offers a spreadsheet in support of its number, but the sheet is unaccompanied by all

**STATEMENT**

of the relevant documentation that would be required to test whether it is more than partly based in reality. Thus, because there is a material question of fact about the amount of delinquent payments that Defendant owes, the Court must deny summary judgment on that issue.

IV.     **Conclusion**

For the reasons stated below, Plaintiffs' motion for summary judgment [31] is granted in part and denied in part and Defendant's motion for summary judgment as to Plaintiffs' claim for liquidated damages [38] is denied. This case is set for further status hearing on 4/16/2012 at 9:00 a.m.