**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., | ) ) ) | Case No. 11 CV 3696 |
| Plaintiff, | ) ) | |
| | ) | Hon. Robert M. Dow, Jr. |
| v. | ) ) | |
| | ) | Magistrate Judge Jeffrey Cole |
| PLATINUM ENDEAVORS, LLC, | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MOTION TO RECONSIDER

NOW COMES the Defendant/Counter-Plaintiff, PLATINUM ENDEAVORS, LLC ("PE"),

by and through its attorney, JOSEPH P. BERGLUND, and for Motion To Reconsider the Order

granting the Motion for Summary Judgment filed by Plaintiffs/Counter-Defendants, Chicago

Regional Carpenters of Council Pension Fund, Welfare Fund, and Apprentice and Trainee Program

("Trust Funds") on the CounterClaim filed by PE states as follows:

In granting Counter-Plaintiff's Motion for Summary Judgment [Doc. 53], this Honorable

Court stated:

> The Court will consider Defendants' counterclaim first. According to Defendant,
> it mistakenly sent a check to Plaintiff for $4,856.88 to cover hours worked by two
> employees for whom contributions actually were owed only in the amount of
> $2,369.28, resulting in an "overpayment" of almost $2,500.00. In its counterclaim,
> Defendant seeks a refund of that sum so that Defendant may forward the payment
> to a different trust fund. The problem with Defendant's argument is that both at
> the time that the payment was made and today Defendant indisputably owed (and
> owes) Plaintiff sums of money well in excess of any mistaken overpayment for
> the two individual employees referenced in the counterclaim. Given that
> circumstance, as well as the absence of any evidence that the check was made
> payable to another party or that Plaintiff somehow knew that the check made
> payable to it was mistakenly tendered, the Court cannot discern - nor has
> Defendant cited - any legal basis for ordering a refund of the alleged overpayment.
> Accordingly, Plaintiffs are entitled to summary judgment on Defendant's
> counterclaim.

However, well-established law in this Circuit provides a legal basis to order a refund of the overpayment. The Trust Funds had not disputed the legal basis of PE's claim. As a result, PE did not recite applicable law which is referenced below.

Our court of appeals has allowed a federal common law restitution action wherein actions are brought by an employer for the refund of mistaken overpayments in cases such as Construction Industry Retirement Fund of Rockford v. Kasper Trucking, 10 F.3d 465, 467 (7th Cir.1993) and UIU Severance Pay Trust Fund v. Local Union No. 18-U, 998 F.2d 509, 512 n. 10 (7th Cir.1993). In these cases, the Seventh Circuit declared that "[a]bsent a judicially-crafted cause of action, employers are left to the mercy of plan trustees who have no financial incentive to return mistaken payments." UIU, 998 F.2d at 513; Kasper Trucking, 10 F.3d at 467 (noting same).

As declared in Kasper Trucking and UIU Severance Pay Trust Fund, this Circuit clearly allows employers to bring actions against trust funds for payments made by mistake. The trial courts in this District have also followed the foregoing law in allowing employers to seek restitution for overpayments. See e.g. Board of Trustees of the Pipe Fitters Retirement Fund, Local 597 v. Master-Tech Refrigeration Service, Corp., 2010 U.S. Dist. Lexis 129672 (Mag. J. Michael J. Mason, N.D. IL December 8, 2010) (Opinion attached hereto as Exhibit A).

PE's claim should not be defeated because PE owes the Trust Funds "money well in excess of any mistaken overpayment for the two individual employees referenced in the counterclaim." PE does have a valid claim and, at the very least, PE should be given credit for the overpayment to offset the money PE owes the Trust Funds.

In addition, there is no check that was paid to another party. The check was paid to the Trust Funds and this is not in dispute.

2

Moreover, it is not relevant whether the Trust Funds knew or did not know that the payment was made by mistake. As set forth in the foregoing case law in this Circuit, the federal common law action of restitution does not require a plaintiff to plead or prove that the recipient of the overpayment knew that the payment was made by mistake.

WHEREFORE, Platinum Endeavors, LLC respectfully moves this Honorable Court to reverse its Order of March 26, 2013 [Doc. 53] wherein entered for Summary Judgment was entered on behalf Plaintiffs/Counter-Defendants, Chicago Regional Carpenters of Council Pension Fund, Welfare Fund, and Apprentice and Trainee Program on Platinum Endeavors' Counterclaim, to deny the Trust Funds' Motion, and for such other relief deemed just and equitable.

Respectfully submitted,

PLATINUM ENDEAVORS, LLC

By    /s/ Joseph P. Berglund
                One of Its Attorneys

Joseph P. Berglund
BERGLUND ARMSTRONG & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523
(630) 990-0234
J:\C-Drive\WPDOCS\PLATINUM ENDEAVORS\moreconsider.wpd